The opinion of the Court was delivered by
Mr. Justice Colcock.
The first ground is incorrect in point of fact; the defendant’s counsel has misconceived the testimony, for .it was expressly proven that the *196 witness was a co-partner only in the boating business, and had no interest in the commission to be received by the plaintiff! It was also proven, that the defendant had agreed to pay commissions in this particular instance; and although a custom will establish the rule of decision, where no agreement has been made.; it cannot counteract an express agreement, it is, therefore, unnecessary to say any thing in relation to the proof offered in support of. the custom.
The second ground is, that a special agreement was proven, and was not declared on. In the first place, this is not a special agreement — it is an express agreement. But every express agreement is not a special one: there were no special circumstances in the case. In the ordinary intercourse between men, commissions on the sale of goods are allowed. The defendant being desirous to obtain the best exertions of the plaintiff in the sale of his cotton, offers him what is usual, (except in that particular neighbour-! hood;) and the plaintiff, aware of the prevailing custom, requires the express promise of the defendant to be made in the presence of witnesses. But if this could be called a special agreement, It is clear that, where the promise is to pay in money, and the contract is performed, indebitatus assumpsit will lie, upon the promise; and this is the case even where the promise is implied. (1 Chitty, p. 338.) Where the contract is to be executed in future, and is executed, the plaintiff' *197 may proceed in two ways; he may declare either upon the original executory contract, or upon an indebitatus assumpsit, or quantum meruit, for the price to be paid for the service performed. (1 Wilson, p. 117.)
Motion dismissed,
GrimJc'e, JYott, Cheves, Gantt, and Johnson, J. concurred.